*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re BALDWIN, Minors.

UNPUBLISHED
October 8, 2019

No. 348134
Oakland Circuit Court
Family Division
LC No. 18-866892-NA

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Respondent appeals by right an order terminating his parental rights to his minor children under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ii*). We affirm.

The Department of Health and Human Services (DHHS) filed a petition seeking termination of respondent's parental rights. It was alleged that respondent had sexually abused his eldest daughter and had been charged with multiple counts of third-degree criminal sexual conduct, and that respondent had required his son to clean his buttocks after bowel movements and provided no documentation to establish that the assistance was medically necessary. The petition additionally alleged that a voluntary safety plan was put in place that barred respondent's contact with the children until a Child Protective Services (CPS) investigation could be completed, that respondent continued to have contact with the children at the hotel where he stayed, and that he had moved back into the family home for a short time.

At a bench trial on the question of jurisdiction and whether there were statutory grounds for termination of respondent's parental rights, his eldest daughter testified that he had sexually abused her at least 10 times. Her testimony was graphic and extremely detailed. Her friend testified that respondent had inappropriately discussed his sex life with her and had sent her an Internet link to a video regarding pleasing your partner sexually. Respondent's 12-year-old son testified that he frequently wiped respondent's buttocks after bowel movements. He claimed that it was necessary because respondent had medical issues with his back, that he did not mind doing this for his father, and that his mother also did it for respondent. Based on this evidence, the trial court found that the children came within its jurisdiction by reason of neglect, criminality, and depravity. It also found that the above listed statutory grounds were proven by clear and convincing evidence.

The trial court then held a best-interests hearing. It took judicial notice of a psychological evaluation report prepared after a court-ordered evaluation of respondent. The report concluded that it was in the children's best interests to terminate respondent's parental rights. A CPS caseworker testified that respondent refused to participate in services offered to him and that it was in the children's best interests to terminate his parental rights. The children's mother testified that the children had a close bond to respondent. She opined that there was nothing inappropriate about her son wiping respondent's buttocks, and she did not believe the sexual abuse allegations. The trial court found that it was in the children's best interests to terminate respondent's parental rights considering the sexual abuse, the improper care of respondent's son, the failure to participate in services, and the children's need for permanency and stability.

Respondent first argues on appeal that the trial court clearly erred in assuming jurisdiction over the children. We disagree.

We review rulings regarding jurisdiction "for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding is clearly erroneous if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). We review de novo the interpretation and application of statutes and court rules. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). "We give deference to the trial court's special opportunity to judge the credibility of the witness." *In re HRC*, 286 Mich App at 459.

MCL 712A.2 governs jurisdiction in child neglect proceedings. That statute states in relevant part:

The court has the following authority and jurisdiction:

* * *

(b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

* * *

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

It is well-established that "[e]vidence of how a parent treats one child is evidence of how he or she may treat the other children." *In re Hudson*, 294 Mich App 261, 266; 817 NW2d 115 (2011).

Most concerning in this case was the evidence that respondent sexually abused his eldest daughter. The trial court found her testimony credible, noting that she did not "waver in such testimony whatsoever." Her friend's testimony indicated that respondent's inappropriate behavior was not isolated to his daughter. Evidence of how respondent treated his daughter is evidence of how he may treat his younger children. *Id*. We conclude that there was no clear error in the finding that the home environment by reason of criminality and depravity was an unfit place for the minor children; accordingly, jurisdiction over the children was proper under MCL 712A.2(b)(2). Moreover, the evidence demonstrated that respondent neglected or refused to provide proper care and that jurisdiction over the children was also proper under MCL 712A.2(b)(1).

Respondent next argues that the trial court clearly erred in finding that the statutory grounds for termination were proven by clear and convincing evidence. We disagree.

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination has been established by clear and convincing evidence. MCL 712A.19b(3); *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). The trial court's determination is reviewed for clear error. *Id.* Only one statutory ground need be proven in order to terminate parental rights. *In re Laster*, 303 Mich App 485, 495; 845 NW2d 540 (2013). We accord deference to the trial court's determinations on witness credibility. *In re HRC*, 286 Mich App at 459.

We first address the trial court's opinion regarding MCL 712A.19b(3)(g). Termination under MCL 712A.19b(3)(g) is appropriate when "[t]he parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(g) was amended by 2018 PA 58, effective June 12, 2018. The preamendment language stated: "The parent, *without regard to intent*, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." (Emphasis added). As noted, the statute now requires financial ability. The petition seeking the termination of respondent's parental rights was filed on August 17, 2018—after the amendment became effective—and the court's opinion was issued on February 14, 2019. Accordingly, subsection (g) should have been analyzed under the amended language, but the trial court erroneously used the preamendment language. Nevertheless, we conclude that the trial court did not clearly err in its findings and conclusions regarding the remaining statutory grounds.

The trial court also terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*ii*) which state:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

\* \* \*

(b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:

(*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.

\* \* \*

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

\* \* \*

(k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

\* \* \*

(*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

"Harm" under MCL 712A.19b(3)(j) includes physical as well as emotional harm. *In re Hudson*, 294 Mich App at 268. And, again, "[e]vidence of how a parent treats one child is evidence of how he or she may treat the other children." *Id*. at 266.

The evidence demonstrated that respondent sexually abused the minor children's older sibling and that the abuse included criminal sexual conduct involving penetration. The sibling's friend established that respondent's inappropriate sexual conduct was not limited to his eldest daughter. And as discussed, how respondent treated her was evidence of how he might treat the younger children. Moreover, respondent's assessment that there was nothing improper about having his son wipe his buttocks after bowel movements, as well as his disregard of the safety plan, was evidence that the children might be emotionally harmed if returned to his care. Therefore, we are not "left with a definite and firm conviction that a mistake has been made," *In re HRC*, 286 Mich App at 459, in the trial court's findings that the remaining statutory grounds were proven by clear and convincing evidence.

Respondent lastly argues that the trial court clearly erred in finding that termination of his parental rights was in the best interests of the children. We disagree.

-4-

The trial court must find by a preponderance of the evidence that termination was in the children's best interests. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's findings of fact are reviewed for clear error. *In re HRC*, 286 Mich App at 459.

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). In determining the children's best interests, the trial court may consider the children's bond to the parent; the parent's parenting ability; the children's need for permanency, stability, and finality; and the suitability of alternative homes. *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014).

Regarding respondent's parenting ability, apart from the sexual abuse of his older daughter and the inappropriate behavior toward her friend, defendant thought it was proper to have his young son wipe his buttocks after defecating. Respondent also refused to participate in services, and he declined to take responsibility for his actions. A psychological evaluation report recommended that termination was in the children's best interests. And a CPS caseworker agreed with that recommendation. The trial court also considered the children's need for permanence and stability when it stated that it was imperative that the children not have to wait for stability and permanence so that they could "begin correcting the family dysfunction that they have been subjected to in [respondent's] care." Although the trial court did not consider such factors as the possibility of adoption or the history of domestic violence, those factors were not present in this case, and thus, they were not relevant. We conclude that the trial court considered the appropriate factors, and we are not "left with a definite and firm conviction that a mistake has been made," *In re HRC*, 286 Mich App at 459, in the trial court's findings that it was in the children's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola